Mr. Justice MacArthur
delivered the opinion ofthecourt:
The bill of exceptions in this case raises the question whether a judgment in an ordinary action at law, for the debt secured by a mechanic’s lien, is admissible evidence against a surety on an undertaking to discharge that lien. It is held by a majority of the court that it is not. The declaration, in the action at law in which the judgment was rendered, contained only the common counts in assumpsit, with a bill of particulars annexed. This action was commenced before the lien had been released. Now, the statute under which the lien was created provides a mode in which it can be enforced. The complaint, in such case, shall con *413 tain a brief statement of tbe contract on which the claim is founded, the amount due thereon, the time when the notice was filed,the time when the building was completed, together with a description, of the premises, and shall pray that the premises may be sold, and the proceeds of the sale applied to the. discharge of the lien. The general provision, contained in section 808, requires that the proceedings to enforce any lien shall be by bill or petition in equity. The whole proceeding is in rem, and must be instituted within one year from the time the building was completed. An action at law on the common counts is not at all appropriate to the remedy which the statute has thus rendered necessary in order to enforce amechanic’s lien. This is too clear for argument.
But it is said the undertaking discharged the lien, and it was therefore unnecessary to enforce it. The provision of •section 708 says that, in all proceedings commenced under that chapter, the defendant may file his undertaking, and thereby release his property from the lien created by that chapter. This clearly means that the undertaking is to pay the judgment that may be recovered in the proceeding to enforce or foreclose the lien in equity. The language is peculiar. It is the defendant in the proceeding who may file the undertaking, and it is to be approved by the court in which the proceeding is pending. This statute assumes that an action, such as is required, with a complaint, alleging all the circumstances necessary to support the proceeding to enforce a Hen, has been commenced, and then it declares that the a defendant may file Ms undertaking.” The surety undertakes only to pay the judgment obtained in the mode pointed out by the law. The action, however, in this case was commenced before the lien was discharged. This shows that it was not a proceeding under the statute or in conformity with it. The lien is like a mortgage, and is on property to be fully described. It may be utterly void, and still the mechanic have a good action at law for the debt. When he forecloses on the lien, he must allege thatjie has filed his notice, he must describe the property, and aver that the debt arose from having furnished material or labor in the construction of the building, and it must appear that he has brought his *414 action within the year, and that the whole proceeding is brought in the proper manner and form. The surety who executes the undertaking has a right to defend himself upon, all these points in the proceeding to enforce the lien. He has not undertaken to pay any other judgment than that provided for in the statute. The record of the judgment, in the personal action, was improperly admitted. A new trial is allowed.
Cartter, Oh. J., and Humphreys, J., dissenting.